# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>QUANTAL BLAKE,<br><br>        Defendant. | 8:14CR118<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's pro se "Motion for an Extension to File § 2255," ECF No. 118.

On May 28, 2015, following a jury trial, the Defendant Quantal Blake was found guilty of three counts of bank robbery. He was sentenced on February 9, 2016, to terms of 210 months, 210 months, and life imprisonment, to run concurrently, and five years of supervised release on each count, also to run concurrently. ECF No. 88. Restitution in the amount of $31,375.00 and a $300 special assessment were also imposed. The Defendant appealed, and his conviction and sentence were affirmed by the U.S. Court of Appeals for the Eighth Circuit on June 5, 2017. He filed a petition for writ of certiorari with the United States Supreme Court, and that petition was denied on October 2, 2017.

The Defendant asserts that he did not receive notice of the denial of the petition for writ of certiorari from his counsel until June 26, 2018, following his request for an update on the status of the petition. He now seeks an extension of the one-year period of limitation to file a motion under 28 U.S.C. § 2255(f), asking this Court to deem the limitation period to begin to run on the date the Defendant received notice of the denial of the petition for certiorari, rather than the date of the denial.

The limitation period for filing a petition under 28 U.S.C. § 2255 runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Defendant does not argue that the limitation period should be measured under 28 U.S.C. § 2255(f)(2), (3), or (4). Instead, he seeks equitable tolling of the limitation period under § 2255(f)(1).

Under the doctrine of equitable tolling in 28 U.S.C. § 2255 actions, a defendant must show (1) extraordinary circumstances beyond his control prevented a timely filing and (2) he exercised due diligence. *E.J.R.E. v. United States,* 453 F.3d 1094, 1098 (8th Cir. 2006). In circumstances where a defendant mistakenly believed that his lawyer filed an appeal, and the defendant assumed he should wait to hear from his lawyer regarding the result of the appeal, the U.S. District Court for the Western District of Missouri denied equitable tolling, and the U.S. Court of Appeals affirmed. See *Anjulo-Lopez v. United States*, 541 F.3d 814, 817-18 (8th Cir. 2008).

Here, the Defendant's time for filing a petition under § 2255 has not expired. He may submit a petition on or before October 1, 2018. Although he contends that he has insufficient time "to research the law and develop his claims" he presents no facts or persuasive arguments from which the Court can conclude that equitable tolling is warranted.

Accordingly,

IT IS ORDERED:

The Defendant Quantal Blake's Motion for an Extension to File § 2255, ECF No. 118, is denied.

Dated this 26th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge