# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>vs.<br><br>QUANTAL BLAKE,<br><br>                            Defendant. | 8:14CR118<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 120.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## PROCEDURAL BACKGROUND

On May 28, 2015, following a jury trial, the Defendant Quantal Blake was found guilty of three counts of bank robbery. He was sentenced on February 9, 2016, to terms of 210 months, 210 months, and life imprisonment, to run concurrently, and five years of supervised release on each count, also to run concurrently. ECF No. 88. Restitution in the amount of $31,375.00 and a $300 special assessment were also imposed. The

Defendant appealed, and his conviction and sentence were affirmed by the U.S. Court of Appeals for the Eighth Circuit on June 5, 2017. He filed a petition for writ of certiorari with the United States Supreme Court, and that petition was denied on October 2, 2017.

This is the Defendant's first Motion Under 28 U.S.C. § 2255, and it is timely filed. The Defendant asserts that this Court "found that defendant failed to prove by clear and convincing evidence that a firearm was not involve[d] in the first WestRoads bank robbery" and that such determination should have been made by a jury, based on proof beyond a reasonable doubt. § 2255 Motion, ECF No. 120 at Page ID #972. He also asserts that his counsel was ineffective for failing to raise these issues during trial, sentencing, and on appeal.

## DISCUSSION

To establish ineffective assistance of counsel, Cabrera must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

The record clearly shows that Defendant's counsel raised on appeal the precise issues the Defendant presents in his § 2255 Motion, and the Court of Appeals

2

addressed each argument thoroughly, concluding that this Court committed no error in its application of 18 U.S.C. § 3559(c)(3)(A). See *United States v. Quantal Blake,* 858 F.3d 1134, 1136-37 (8th Cir. 2017). Accordingly, the Defendant has not demonstrated that his counsel "performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687-89. Nor has he demonstrated that "seriously deficient performance of counsel prejudiced the defense." *Id.* at 687.

## CERTIFICATE OF APPEALIBIITY DENIED

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts also requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    . . . .
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The issues raised in the § 2255 motion were carefully considered. For the reasons set forth in this Memorandum and Order, denying the Defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 120, is denied;
2. A separate Judgment will be entered, denying the § 2255 Motion;
3. No certificate of appealbility will be issued; and
4. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 9th day of October, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge