# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>QUANTAL BLAKE,<br><br>　　　　　　　Defendant. | 8:14CR118<br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on the Defendant's "Motion Pursuant to Rule 59(E) To Alter, Amend, Reconsider, Or Revise [t]he District[ ] Court Judgment," ECF No. 124. Defendant Quantal Blake asserts that his time to prepare his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 120, was unfairly limited by (1) his counsel's eight-month delay in providing him notification of the denial of his petition for writ of certiorari and (2) institutional lock-downs from September 11 through 18, 2018, and September 21 through October 2, 2018, limiting his access to legal resources.

　　　　In his timely § 2255 Motion, ECF No. 120, the Defendant stated that "SUPPLEMENT AND MEMORANDUM IN SUPPORT ARE FORTHCOMING." ECF No. 120, Page ID 981. He now asks the Court to accept supplementary materials and arguments filed on October 22, 2018, ECF No. 124, and reconsider its Memorandum and Order, ECF No. 122, and Judgment, ECF No. 123, filed on October 9, 2018.

　　　　The Court will grant the Defendant's pending Motion, insofar as the Court will accept the Defendant's supplementary materials and arguments presented in ECF No.

124 and will Reconsider the earlier Memorandum and Order and Judgment, and conduct a second initial review.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**PROCEDURAL BACKGROUND**

On May 28, 2015, following a jury trial, the Defendant Quantal Blake was found guilty of three counts of bank robbery. He was sentenced on February 9, 2016, to terms of 210 months, 210 months, and life imprisonment, to run concurrently, and five years of supervised release on each count, also to run concurrently. ECF No. 88. Restitution in the amount of $31,375.00 and a $300 special assessment were also imposed. The Defendant appealed, and his conviction and sentence were affirmed by the U.S. Court of Appeals for the Eighth Circuit on June 5, 2017. He filed a petition for writ of certiorari with the United States Supreme Court, and that petition was denied on October 2, 2017.

The Court considers the materials filed at ECF Nos. 120 and 124 to be consolidated as the Defendant's first Motion under 28 U.S.C. § 2255, and timely filed. In ECF No. 120, the Defendant asserted that this Court "found that defendant failed to prove by clear and convincing evidence that a firearm was not involve[d] in the first WestRoads bank robbery" and that such determination should have been made by a jury, based on proof beyond a reasonable doubt. § 2255 Motion, ECF No. 120, Page ID

972. He also asserted that his counsel was ineffective for failing to raise these issues during trial, sentencing, and on appeal. In ECF No. 124, the Defendant now asserts he should not have been subjected to a mandatory life sentence under 18 U.S.C. § 3559 because his prior robbery offenses were not crimes of violence. He also asserts that his counsel was ineffective for failing to seek suppression of evidence from Defendant's GPS tracking device and evidence of his parole status, and for failing to object to admission of a variety of other evidence.

**DISCUSSION**

To establish ineffective assistance of counsel, Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

**Use of Firearm in Westroads Bank Robbery**

The record clearly shows that Defendant's counsel raised on appeal the precise issues the Defendant presented in his § 2255 Motion, ECF No. 120, and the Court of Appeals addressed each argument thoroughly, concluding that this Court committed no error in its application of 18 U.S.C. § 3559(c)(3)(A). See *United States v. Blake,* 858

3

F.3d 1134, 1136-37 (8th Cir. 2017). Accordingly, the Defendant has not demonstrated that his counsel "performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Strickland,* 466 U.S. at 687-89. Nor has he demonstrated that "seriously deficient performance of counsel prejudiced the defense." *Id.* at 687.

**Mandatory Life Sentence under 18 U.S.C. § 3559**

18 U.S.C. § 3559(c)(1) provides that "[n]otwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—(A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—(i) 2 or more violent felonies[.]"

18 U.S.C. § 3559(c)(3)(A) provides that "[r]obbery . . . shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—(i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person."

Here, the Defendant had two prior state court convictions for robbery, both involving use of a firearm. Presentence Investigation Report, ECF No. 85, ¶¶ 61, 62. As noted above, the Defendant did not establish by clear and convincing evidence that no firearm or other dangerous weapon was used at the robbery of the First Westroads Bank (Count III). Accordingly, he received a mandatory life sentence on that Count.

The Defendant refers the Court to *Sessions v. Dimaya*, 584 U.S. ____, 138 S. Ct. 1204 (2018), in which the Supreme Court held the clause defining "crime of violence in 18 U.S.C. § 16(b) to be unconstitutionally vague. That clause provided that a "crime of violence" means "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Defendant argues that the residual clause of 18 U.S.C. § 3559 is similarly unconstitutionally vague. This Court need not address whether that residual clause, § 3559(c)(2)(F)(ii), is unconstitutionally vague, because the Defendant was not sentenced pursuant to the residual clause, but pursuant to § 3559(c)(2)(F)(i) which specifies that "the term 'serious violent felony' means--. . . robbery (as described in section . . . 2113 . . .)."

**Alleged Ineffective Assistance of Counsel During Trial**

Defendant asserts that his counsel was ineffective for failing to seek suppression of data from the tracking device (ankle bracelet) worn by Defendant which demonstrated his proximity to the robbery locations. He asserts that he had a reasonable expectation of privacy with respect to such data, and that procedures mandated by Fed. R. Crim. P. 41(f)(2) were not followed with respect to the tracking device.

The tracking device worn by the Defendant was imposed as a condition of his parole from state custody, and he acknowledges that he signed a consent form authorizing state authorities to monitor his movements through the device. The procedures mandated by Fed. R. Crim. P. 41(f)(2) are inapplicable, as the tracking device was not installed pursuant to a warrant. Case law cited by the Defendant

regarding surreptitiously installed tracking devices is likewise inapplicable, because the tracking device was not surreptitiously installed. The tracking data were admissible evidence, and counsel was not ineffective for failing to seek suppression of the data.

Defendant also argues that his counsel was ineffective for failing to object to testimony presented by Defendant's parole officer. Defendant asserts that it was unfairly prejudicial for the jury to be made aware that the Defendant was on parole at the time of the robberies.

The testimony of the witness was highly relevant. A reasonable jury would be likely to conclude that the Defendant was under some form of supervision by law enforcement in light of the fact that he was wearing an ankle bracelet to monitor his movements. Accordingly, the revelation that he was on parole status was not unfairly prejudicial.

Defendant's remaining criticisms of his lawyer's performance do not demonstrate that he failed to function as the kind of counsel guaranteed by the Sixth Amendment, or that any deficient performance prejudiced the defense.

## CERTIFICATE OF APPEALIBIITY DENIED

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts also requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2)

provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The issues raised in the § 2255 motion were carefully considered. For the reasons set forth in this Memorandum and Order, denying the Defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

Accordingly,

IT IS ORDERED:

1. The Defendant's "Motion Pursuant to Rule 59(E) To Alter, Amend, Reconsider, Or Revise [t]he District[ ] Court Judgment," ECF No. 124, is

granted insofar as the Court has accepted the Defendant's supplementary materials and arguments presented and has conducted a second initial review, and that Motion is otherwise denied;

2. A separate Judgment will be entered;

3. No certificate of appealability will be issued; and

4. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 8th day of November, 2018.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge