IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14CR118 |
| v. | |
| QUANTAL BLAKE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Quantal Blake's ("Blake") Motion to Reduce Sentence (Filing No. 137) under 18 U.S.C. § 3582(c)(1)(A)(i). Blake subsequently filed a Motion for Compassionate Release (Filing No. 142) under 18 U.S.C. § 3582(c)(1)(A)(i). The Court ordered an investigation and permitted the parties to submit further briefing. Blake focuses his argument on his Motion for Compassionate release based on his fear of contracting COVID-19. For the reasons below, these motions will be denied.

I.     BACKGROUND

On April 24, 2014, a grand jury indicted Blake with three counts of bank robbery in violation of 18 U.S.C. § 2113 and 2. *See* Filing No. 1. Each of the charges arose from a separate bank robbery in February and March of 2014. *Id.* On May 28, 2015, a jury found Blake guilty of all counts (Filing No. 61). Blake was sentenced to 210 months imprisonment on Count I, 210 months on Count II, and life imprisonment on Count III (Filing No. 83). Blake has been incarcerated since April 28, 2014.

On April 22, 2021, Blake filed a motion under to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that extraordinary and compelling circumstances justified a sentence reduction because his mandatory life sentence is no longer supported by law (Filing No. 137). Blake has apparently abandoned the arguments raised in his Motion to Reduce Sentence (*see*

Filing No. 150). Accordingly, the Motion to Reduce Sentence (Filing No. 137) will be denied without prejudice. Subsequently, Blake filed his motion for compassionate release, arguing release is appropriate because extraordinary and compelling circumstances exist due to the ongoing COVID-19 pandemic (Filing No. 142).

## II.    DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Blake to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Blake submitted evidence that he made a request to his warden seeking sentence reduction and compassionate release on February 2, 2021. More than thirty days have passed since that date. Accordingly, the Court must determine whether Blake has demonstrated extraordinary and compelling reasons to release him under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances:

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of Blake's request. The Court nonetheless finds it helpful in deciding whether to

2

(1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id*. § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Having carefully reviewed the record in this case with these factors in mind, the Court finds Blake has not presented extraordinary or compelling reasons for release. In support of his motion, Blake notes his Body Mass Index of 30 makes him clinically obese. Blake argues that this condition puts him at a higher risk of serious illness or death from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), adults with obesity—defined by the CDC as a body mass index ("BMI") of at least 30 but less than 40—"are at increased risk for severe illness" from the virus that causes COVID-19.[2] Risks associated with COVID-19 increase as BMI gets higher. *See id*. With a BMI of 30, Blake is "slightly obese" which courts have held to be insufficient to justify release. *United States v. McAbee*, No. 4:14-CR-40027-, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020), *aff'd,* No. 20-2885, 2020 WL 8813969 (8th Cir. Sept. 15, 2020); *see also United States v. Milchin*, 2020 WL 4475902, at *1 (E.D. Pa. Aug. 4, 2020) (finding defendant's "slight obesity," BMI of 30.5, and elevated cholesterol did not justify early release).

Blake also identifies his hypertension as an additional risk factor for severe illness from COVID-19. The CDC regards hypertension as "possibly" increasing the likelihood

---

reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

[2]People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021).

of severe illness from COVID-19. *See id*. But hypertension is a common condition and therefore does not render Defendant's circumstances "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Further, the Court has reviewed the record and Blake presents no evidence that his hypertension cannot be managed through medical care provided in the prison system.

Notwithstanding Blake's health conditions, his risk of severe illness is significantly lower because he has been fully vaccinated against the COVID-19 virus. Blake received his first dose of the Pfizer-BioNTech vaccination on March 10, 2021 and received his second dose on March 30, 2021. *See* Filing No. 145 at 278. Thus, Blake is considered to have been fully vaccinated against the COVID-19 virus. The CDC reported that "COVID-19 vaccines are effective at preventing infection, serious illness, and death" and also protect against "disease caused by Delta and other variants circulating in the U.S."[3] Although some vaccine breakthrough infections can occur, "[s]tudies so far show that vaccinated people are 8 times less likely to be infected and 25 times less likely to experience hospitalization or death."[4] Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts at this point have held that the vaccines mitigate the risks of COVID-19 for purposes of compassionate release motions.[5]

---

[3] COVID-19, The Possibility of Breakthrough Infections After Vaccination, Centers for Disease Control and Prevention (updated November 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

[4] *Id.*

[5] *See, e.g.*, *United States, v. Kirk*, No. CR 19-213 ADM/HB, 2021 WL 4690862, at *3 (D. Minn. Oct. 7, 2021) ("Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated."); *United States v. Zirkelbach*, No. 13-CR-1001-CJW-MAR, 2021 WL 3609299, at *5 (N.D. Iowa Aug. 11, 2021) ("[B]ecause the information currently available to the Court shows that vaccination significantly diminishes the risk COVID-19 poses, even to those who are more vulnerable absent the vaccine, the Court gives minimal weight to the threat COVID-19 poses to defendant after becoming fully vaccinated."); *United States v. Peel*, No. 14-cr-00192 KJM CKD, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021) (denying relief to elderly inmate suffering from hypertension, chronic obstructive pulmonary disease, benign

Having reviewed the record, the Court acknowledges that Blake suffers from conditions that may place him at increased risk of severe illness. However, Blake's medical records show he is receiving regular care for these conditions. Moreover, because Blake has been fully vaccinated, his risk is significantly lower than it would have been. The relatively small risk that he could be infected and develop serious complications is too tenuous to warrant release. Based on the current evidence before the Court and the available scientific evidence of the effectiveness of the vaccine, Blake has not shown extraordinary or compelling reasons for compassionate release.

Additionally, even if Blake's medical conditions were extraordinary and compelling under the circumstances, the Court would deny his motion based on the § 3553(a) factors. Blakes has a significant criminal history. His convictions in this case were his third, fourth, and fifth armed robberies, and Blake is considered a career offender. *See* Filing No. 146 at 3. As a result of the seriousness of these offenses and Blake's criminal history, he received a life sentence in this case. Blake's release under the circumstances may undermine the need to provide for just punishment and the need to provide for deterrence. The Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

Based on the foregoing:

1. Blake's Motion for Compassionate Release (Filing No. 142) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

2. Blake's Motion to Reduce Sentence (Filing No. 137) is denied without prejudice.

IT IS SO ORDERED.

---

hypertrophy of prostate, chronic viral hepatitis C, and malignant neoplasm of prostate, because he received vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes because inmate received both doses of the Moderna vaccine).

Dated this 16th day of November 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge