IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14CR118 |
| v. | |
| QUANTAL BLAKE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Quantal Blake's ("Blake") *pro se* Motion for Appointment of Counsel to Help Petitioner File a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 165).[1] For the reasons stated below, that motion is denied.

I.  **BACKGROUND**

On May 28, 2015, a jury found Blake guilty of three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (Filing No. 61). Before trial, the government filed an Amended Information to Establish Prior Convictions (Filing No. 42) indicating Blake had previously been convicted of robbery in 2003 and 2007 in the District Court of Douglas County, Nebraska. *See* 18 U.S.C. § 3559(c)(1)(A)(i) (subjecting a defendant in certain circumstances to mandatory life imprisonment when they have two prior serious-violent-felony convictions), (c)(2)(F)(ii), (c)(4); 21 U.S.C. § 851(a)(1). At the time of those earlier offenses, Blake was 16 and 19 years old.

At sentencing, the parties disputed whether those prior convictions and the other circumstances of Blake's crimes subjected him to enhanced punishment (Filing Nos. 79,

---

[1] Section 3582(c)(1)(A)(i) authorizes sentence reductions in certain "extraordinary and compelling" circumstances. Relief under that statute is often referred to as compassionate release. *See, e.g., United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023).

80). *See* 18 U.S.C. § 3559(c); U.S.S.G. § 4B1.1. On February 9, 2016, the Court concluded they did and sentenced Blake to a mandatory life sentence on the third count (Filing No. 88). In reaching that decision, the Court found "that one of the [prior] robberies was a serious violent felony [as defined in § 3559(c)(2)(F)], and that Blake had sustained two prior convictions for serious violent felonies." *United States v. Blake*, 858 F.3d 1134, 1136 (8th Cir. 2017). The Court sentenced Blake to concurrent terms of 210 months imprisonment on each of the other two robbery counts. Blake appealed his sentence, and the Eighth Circuit affirmed, deciding neither his statutory nor constitutional arguments passed muster. *See id.* at 1136-37.

On October 1, 2018, Blake timely moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 120). *See United States v. Blake*, No. 8:14CR118, 2018 WL 4921537, at *1 (D. Neb. Oct. 9, 2018). He argued his counsel was ineffective at trial, at sentencing, and on appeal based primarily on his counsel's failure to adequately challenge the application of § 3559(c)(3)(A). The Court denied his request for relief on initial review and reconsideration (Filing Nos. 124, 125), finding no deficiency or prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). *See Blake*, 2018 WL 4921537, at *1, *on reconsideration*, 2018 WL 5874104 (D. Neb. Nov. 8, 2018). Blake again appealed (Filing Nos. 128, 132), but the Eighth Circuit dismissed his appeal as untimely (Filing No. 135).

On April 22, 2021, Blake moved *pro se* to reduce his sentence pursuant to § 3582(c)(1)(A)(i) (Filing No. 137). Blake largely raised issues regarding the application of § 3559 that fell within the ambit of § 2255 but also argued, on the periphery, that his "life sentence [was] out-of-step with sentences that would be imposed on similarly situated defendants today." The Court appointed counsel "to represent Blake for the limited purpose of determining whether there [we]re extraordinary and compelling reasons to reduce his term of imprisonment" (Filing No. 140). His counsel subsequently filed a Motion for Compassionate Release (Filing No. 142) under § 3582(c)(1)(A)(i) focusing instead on Blake's fear of contracting COVID-19 due to his medical conditions.

Upon review, the Court determined Blake had "abandoned the arguments raised in his Motion to Reduce Sentence" and denied that motion without prejudice (Filing No. 151). *See United States v. Blake*, No. 8:14CR118, 2021 WL 5325610, at *1 (D. Neb. Nov. 16, 2021). With respect to his second motion, the Court determined Blake had not presented "extraordinary and compelling reasons" for sentencing relief under § 3582(c)(1)(A)(i). *See Blake*, 2021 WL 5325610, at *2. The Court further found that "even if Blake's medical conditions were extraordinary and compelling under the circumstances, the Court would deny his motion based on the [28 U.S.C.] § 3553(a) factors," including his "significant criminal history," "the need to provide just punishment," and the need for deterrence. *See Blake*, 2021 WL 5325610, at *3.

## II.   DISCUSSION

Blake now asks the Court to appoint counsel "to help him properly draft and submit" another "motion for compassionate release" under § 3582(c)(1)(A)(i). As Blake sees it, his youthful status at the time he committed the serious violent felonies used to enhance his sentence to life provides extraordinary and compelling reasons to reduce that onerous sentence now. Though he acknowledges he was 27 years-old when he committed the third bank robbery charged in this case, Blake contends he should not have to spend his life in prison based on bad choices he made as a child.

In support, Blake relies on United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5H1.1, which is a policy statement amended on November 1, 2024, (Amendment 829) to further explain how a "defendant's youthfulness at the time of the offense or prior offenses" may support a downward departure at sentencing. Blake also discusses *Roper v. Simmons* and similar cases in which courts have recognized that a juvenile defendant's "'lack of maturity,'" "'underdeveloped sense of responsibility,'" and vulnerability to "negative influence and outside pressures" may suggest they should not be punished as harshly as adults. 543 U.S. 551, 569 (2005) (quoting *Johnson v. Texas*, 509 U.S. 350, 367 (1993)).

As a practical matter, Blake proposes to rely on Guidelines § 1B1.13(b)(6), which defines "extraordinary and compelling reasons" to include some "unusually long" sentences. Under that subsection, a defendant *may* be eligible for sentencing relief based on a nonretroactive change in law if (1) he "received an unusually long sentence," (2) he "has served at least 10 years of the term of imprisonment," and (3) that "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.*; *see also United States v. Rutherford*, 120 F.4th 360, 367 (3d Cir. 2024) (concluding "(b)(6) gives judges the opportunity, but not a mandate, to consider changes in the law under the defined circumstances"); *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1004 (8th Cir. 2023).

Blake does not have (and does not claim to have) a right to counsel to assist him in preparing a § 3582(c)(1)(A)(i) motion. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (explaining there is no constitutional or statutory right to "counsel in sentence modification proceedings under § 3582(c)"); *accord United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). Appointing counsel in these cases is a matter of this Court's discretion. *See Harris*, 568 F.3d at 669.

In exercising that discretion, the Court must decide whether appointing counsel will serve the interests of justice, benefit the Court and the parties, and effectively use limited judicial and public resources. *See id*; *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *cf. Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990) (habeas case). To do that, the Court considers a variety of factors, including the number and nature of the defendant's claims, "the factual and legal complexity of the case, and the [defendant's] ability both to investigate and to articulate his claims without court appointed counsel." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).

Here, Blake asserts one, relatively straight-forward argument for sentencing relief. The factual and legal issues he raises are not particularly complex or involved, and throughout this case, he has demonstrated his ability to understand the issues and articulate

4

his arguments with support from relevant caselaw. He recognizes nuance and argues by analogy.

That is not to say Blake's proposed argument is a strong one. The Court appreciates his point about the mitigating role his age played in his culpability for his earlier crimes but to this point is not persuaded that Blake's circumstances warrant relief. To start, Blake has not identified a particular change in law that applies to his case. *See* U.S.S.G. § 1B1.13(b)(6) (excluding nonretroactive Guidelines amendments from consideration); U.S.S.G. § 1B1.10(d) (retroactivity). Section 3559 has not materially changed since he was sentenced—meaning Blake is still ostensibly subject to a statutory mandatory minimum life sentence. And even if the broader understanding of the perils of juvenile sentencing reflected in cases like *Roper* and *Johnson* could qualify as a change in law for purposes of § 3582(c)(1)(A) and § 1B1.13(b)(6), those revelations are twenty years old and came long before Blake's sentencing in this case.[2]

Though Blake's argument is not frivolous, neither is it fertile ground for relief. As with Blake's first request for compassionate release, the Court remains deeply concerned about his extensive criminal history, the seriousness of his armed robbery offenses, the risk to the community, and the need for deterrence. *See* 18 U.S.C. §§ 3142(g), 3553(a). In these circumstances, the Court concludes the interests of justice do not require appointing counsel to assist Blake in preparing a request for a sentence reduction at this time. Therefore, defendant Quantal Blake's *pro se* Motion for Appointment of Counsel to Help

---

[2]The Court also notes that although all of the dust may not have yet settled following the 2023 amendments to § 1B1.13(b), *see, e.g.*, *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *2 (5th Cir. Jan. 13, 2025), the Eighth Circuit has held that "a nonretroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

Petitioner File a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 165) is denied.

IT IS SO ORDERED.

Dated this 31st day of January 2025.

BY THE COURT:

*Robert F. Rossiter, Jr.*

Robert F. Rossiter, Jr.
Chief United States District Judge
